UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
FIRUZA NURIDINOVA,

                Plaintiff,

  -against-

"JOHN DOE," a fictitious name/person
intended to be the unknown
operator/driver of the subject vehicle and
TULLY CONSTRUCTION CO.,

                Defendants.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 25-CV-2594-FB-LKE

*Appearances:*
For the Plaintiff:
STEPHANIE G. OVADIA
Sanders Aronova Grossman Woycik
Viener & Kalant, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

For Defendant Tully Construction Co.:
RICHARD A LILLING
Milber Makris Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, New York 11797

**BLOCK, Senior District Judge:**

      This personal-injury action originated in New York Supreme Court, Queens County. Defendant Tully Construction Co. ("Tully") removed based solely on diversity of citizenship. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a). The notice of removal recites that Tully was served in accordance with New York law.

      In response to an order to show cause issued by Magistrate Judge Eshkenazi, Tully's counsel has affirmed that Tully was incorporated in New York, a

representation corroborated by Tully's articles of incorporation.[1] Because "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated," 28 U.S.C. § 1332(c)(1), Tully is a citizen of New York for purposes of diversity jurisdiction.

Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "In the usual case, application of the forum defendant rule is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2)." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019).

This is the usual case. Tully argues that the rule does not apply because "defendant 'John Doe' (i.e., the driver of Tully's vehicle) has not been identified and thus has not been served." Affirmation of Richard A. Lilling (May 26, 2025) at 2. While it is true that "Section 1441(b)(2) is inapplicable until *a* home-state

---

[1] Counsel also submitted the New York Department of State's record for a different entity, "Tully Environmental Inc." The error has no bearing on the Court's decision.

defendant has been served in accordance with state law," *Gibbons*, 919 F.3d at 705 (emphasis added), it does not follow that *all* defendants must be served before the rule comes into play. On the contrary, the statute clearly states that the presence of *any* properly served home-state defendant bars removal.

Tully has been properly served. It cannot remove an action brought in the courts of its home state of New York. Accordingly, the case is remanded. The Court thanks Magistrate Judge Eshkenazi for promptly identifying the jurisdictional issue.

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 30, 2025

3